J-A03027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SYEEN HILL | |
| Appellee | No. 1080 MDA 2016 |

Appeal from the Order Entered June 16, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005746-2015

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:　　　**FILED JUNE 12, 2017**

I depart from the Majority on one issue in this case, namely whether the information contained in the affidavit of probable cause demonstrated a fair probability that there was contraband in the residence in question.  In my view, the Majority incorrectly concludes that the information contained within the four corners of the affidavit established a nexus between various drug transactions conducted by Hill and his residence.  Hence, I respectfully dissent.

Unlike in **Clark** and **Davis**, the investigation of Hill's residence (the genesis of which was not a reliable confidential informant tip) was not based upon a substantial nexus with his cocaine business.  **But cf. Commonwealth v. Davis**, 595 A.2d 1216 (Pa. Super. 1991) (informant identified defendant's residential address, observed defendant conduct

multiple drug transactions near residence and was told defendant recently acquired approximately two ounces of cocaine); **Commonwealth v. Clark**, 595 A.2d 1216 (Pa. Super. 2011) (informant identified defendant's residential address as place where cocaine was packaged and distributed and participated in controlled buy with defendant). Detective Weber did not receive intel from an informant that Hill kept drugs and/or contraband in his residence. Rather, Detective Weber initiated an investigation into Hill's residence only after ascertaining his address from the Lancaster County Probation Office.

While the majority does not rely on a comparison of **Commonwealth v. Gagliardi**, 128 A.3d 790 (Pa. Super. 2015), with the instant case, I nevertheless find it instructive. There, an informant stated to police that Gagliardi was in the business of selling cocaine from his residence. During a subsequent investigation, the police twice observed Gagliardi provide cocaine to an informant during controlled buys. Additionally, police observed Gagliardi conduct a third private cocaine transaction. *Each time*, Gagliardi exited his residence, provided cocaine, and then immediately returned. Furthermore, the police in **Gagliardi** received an informant tip that Gagliardi operated his cocaine business from his residence, and the police observed *multiple* drug transactions at that location. *Each time*, Gagliardi immediately exited and reentered his residence.

The critical issue is whether an observation of a single drug transaction related to an individual's residence is sufficient to establish probable cause,

absent a corroborative informant tip or other similar information/evidence, that the residence may contain contraband. In concluding that it does, the majority notes that "[Hill] was seen on multiple occasions on foot, around his residence, meeting with unknown individuals for short period[s] of time, *an activity consistent with the sale of contraband*," and that "*the [affiant] stated that drug dealers often keep contraband in their residences.*" Majority Opinion, 4/27/17, at 6 (emphasis added); *see Commonwealth v. Randolph*, 151 A.3d 170 (Pa. Super. 2016) (police officer experience may fairly be regarded as relevant factor in determining probable cause to support issuance of search warrant; officer, however, cannot simply reference training and experience abstract from explanation of specific application to circumstances at hand).

I do not agree that the mere inclusion of the phrases "an activity consistent with the sale of contraband" and "drug dealers often keep contraband in their residences" is sufficient to establish a nexus between Hill's cocaine business and his residence and therefore probable cause to approve the search warrant. Although the affidavit included information that Hill was once seen "exiting [his residence], meeting with [an informant], and then going back to [his residence]," several key facts were omitted. Among them were: (1) where the transaction took place, (2) how long the transaction took, and (3) how long before Hill returned to his residence. *See Commonwealth v. Kline*, 335 A.2d 361, 364 (Pa. Super. 1975) (affidavit insufficient where no indication where transaction took place, how

- 3 -

long it took, or how long seller was gone). Moreover, while Detective Weber's informants clearly corroborated the conclusion that Hill was in the business of selling cocaine from his vehicle, they did not corroborate the conclusion that Hill kept drugs and/or contraband in his residence. *See id.* at 364 (affidavit insufficient where regular confidential informant did not corroborate conclusion of purchasers that seller kept drugs in his apartment, even though affidavit did tend to establish that seller was drug dealer).

In distinguishing the instant case from *Kline*, the majority cites *Gagliardi*, stating:

> In support of its rul[ing], the suppression court relied on *Kline* and *Way*. In *Gagliardi*, the Court distinguished *Kline* and *Way*[:]
>
>> Certainly, in *Kline*, this Court held that the affidavit of probable cause failed to establish a nexus between the drug dealer's apartment and the contraband because the affidavit omitted certain facts concerning the single, private transaction between the drug dealer and two girls. We held that these omitted facts included: "where the transaction [between the dealer and the two girls] took place, how long it took, how long [the dealer] was gone, [and] what led the girls to conclude that he had gone to his apartment [to retrieve the drugs]." *In the case at bar, however, we are dealing with [one] controlled transaction[] – that [was] witnessed by the police and recounted, in detail, in the affidavit of probable cause.* Further, the affidavit in the case at bar clearly recites "where the [controlled] transaction[] took place" and "what led [the police] to conclude' that appellant left his home prior to the drug sales and then return to his home after the drug sales. *Kline* is thus inapposite to the facts of this case.

Majority Opinion, 4/27/17, at 8-9 (citing **Gagliardi**, 128 A.3d at 798) (emphasis added).[1]

In offering a comparison of **Kline** and **Gagliardi**, the majority does not provide proper context. Rather, the majority frames the comparison in a vacuum, and in doing so, it misrepresents the fact that police observed Gagliardi selling cocaine on *three* occasions, which I believe dilutes the distinction between **Kline** and **Gagliardi**. Certainly, the defendant in **Gagliardi** was a drug dealer – an informant corroborated as much, and Gagliardi took part in a controlled buy. However, there, the investigating officers did not rest on these facts in establishing probable cause; they proceeded to conduct a second controlled buy in an effort to establish a nexus between Gagliardi's residence and his cocaine business.

Here, the investigating officers, after corroborating that Hill was in the business of selling cocaine, ascertained his address from his probation office, observed him interacting with "unknown subjects," and then conducted a single controlled buy, which they inadequately documented in the subsequent affidavit. **See** Weber Aff. ¶ 12. Accordingly, I would affirm the suppression court's order.

_____

[1] In **Gagliardi**, this Court originally stated the following: "In the case at bar, however, we are dealing with **two controlled transactions** – that were witnessed by the police and recounted, in detail, in the affidavit of probable cause." 128 A.3d at 798 (emphasis added).